```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Joseph Puiia, Jr.**

   **v.**                                             Case No. 12-cv-54-PB
                                                   Opinion No. 2012 DNH 135

**Philip Cross et al.**


## MEMORANDUM AND ORDER

Joseph Puiia, Jr. brings suit against Marital Master Philip Cross and Judge Lucinda Sadler of the New Hampshire Superior Court Family Division, as well as Barbara Salvo-Wallack, who served as the guardian ad litem in custody proceedings involving two of Puiia's grandchildren.  Puiia's suit arises out of the family court proceedings that led to the suspension of his previously granted grandparent visitation rights.  He seeks monetary and injunctive relief under 42 U.S.C. § 1983 based on alleged violations of his substantive and procedural due process rights.  He also asserts a conspiracy claim and two state law claims.  Defendants move to dismiss all claims.  For the reasons set forth below, I grant their motions to dismiss Puiia's federal claims, and decline to exercise supplemental

jurisdiction over his remaining state law claims.

## I. BACKGROUND

In September 2008, Puiia was granted status as an intervenor in custody proceedings involving two of his grandchildren. A family court judge subsequently issued an order granting him visitation rights.

At an ex parte hearing held before Master Cross in February 2009, Salvo-Wallack, in her function as the guardian ad litem, recommended that Puiia's visitation rights be suspended. Puiia alleges that she made her recommendation without having properly investigated the matter. Although he was present at the hearing, Puiia was not given an opportunity to address the court, provide counter evidence, cross-examine witnesses, or sit at the litigants' table. Master Cross adopted Salvo-Wallack's recommendation and Judge Sadler approved the order suspending Puiia's visitation rights. Since then, Puiia has not been allowed any contact with his grandchildren.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), plaintiff must make factual allegations sufficient to state a

claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim is facially plausible when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (citations omitted).

In deciding a motion to dismiss, I must employ a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  First, I must screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action."  Id. (citations, internal quotation marks, and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  Second, I must credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell

Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ." (citation omitted)).

### III.  ANALYSIS

Puiia asserts Section 1983 claims for alleged violations of his due process rights, seeking money damages and injunctive relief.  He also alleges that defendants conspired to deprive him of his constitutional rights.  I address each claim in turn.

**A.  Claims for Money Damages**

First, with respect to Puiia's Section 1983 claims for damages against Master Cross and Judge Sadler in their official capacities, I note that "it is well settled 'that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action.'" Wang v. N.H. Bd. of Registration in Med., 55 F.3d 698, 700 (1st Cir. 1995) (quoting Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991)).  Accordingly, I dismiss those claims.

4

Second, all three defendants enjoy absolute immunity from Section 1983 claims that seek to hold them personally liable. Judge Sadler is entitled to absolute judicial immunity from civil liability "for any normal and routine judicial act . . . no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive." Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989).  The only action attributable to Judge Sadler is her approval of Master Cross's order suspending Puiia's visitation rights. Approval of such orders is clearly a routine judicial act within the jurisdiction of a family court judge.  Accordingly, the judge is absolutely immune from liability and I dismiss Puiia's damages claims against her.

Similarly, Cross and Salvo-Wallack are entitled to absolute quasi-judicial immunity because they functioned as agents of the family court and performed "activities integrally related to the judicial process."  Id. at 3.  Cross, acting in his capacity as a marital master, presided over the challenged custody hearing and recommended the suspension of Puiia's visitation rights. See N.H. Super. Ct. Admin. R. 12-9 (marital masters are authorized to preside over certain family court proceedings and make recommendations to family court judges).  Salvo-Wallack was

appointed by the family court to serve as a guardian ad litem and carry out certain functions related to custody proceedings. See Cok, 876 F.2d at 3 (a guardian ad litem performs quasi-judicial functions because she "gathers information, prepares a report and makes a recommendation to the court regarding a custody disposition."). In that role, she recommended that Puiia's visitation rights be suspended. Because Puiia's pleadings fail to show that either Cross or Salvo-Wallack acted "in clear and complete absence of authority," they are entitled to absolute quasi-judicial immunity. Id. Accordingly, I dismiss Puiia's damages claims against them.

## B. Claim for Injunctive Relief

Turning to Puiia's Section 1983 claim for injunctive relief, he seeks an order requiring the family court to restore his visitation rights. Section 1983 expressly bars the relief he is seeking. It provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; see also Adames v. Fagundo, 198 Fed. Appx. 20, 22 (1st Cir. 2006). To avoid the statutory bar, Puiia argues that a prior family court order

granting him visitation rights is a declaratory decree that defendants violated by issuing a subsequent order suspending those rights.  I am unpersuaded for several reasons.

First, even if the prior order could be a declaratory decree, child custody and visitation orders are subject to modification.  See Chandler v. Bishop, 142 N.H. 404, 411 (1997) ("In visitation matters, the court has continuing jurisdiction to modify arrangements in the best interests of the child."). It is therefore ludicrous to assert that a family court officer who has authority to adjudicate visitation matters "violates" a prior order in the case by modifying it based on new findings. Second, the order granting Puiia visitation rights clearly is not a "declaratory decree" within the meaning of Section 1983. In the context of Section 1983, "a declaratory decree refers to an order directing *a particular judicial officer* to take or refrain from taking a particular action in a particular dispute."  T.Y.B.E. Learning Ctr. v. Bindbeutel, No. 4:09-CV-1463 (CEJ), 2011 U.S. Dist. LEXIS 66055, at *3 (E.D. Mo. June 14, 2011) (emphasis added); see Tesmer v. Kowalski, 114 F. Supp. 2d 622, 628 (E.D. Mich. 2000), rev'd on other grounds, 333 F.3d 683 (6th Cir. 2003), rev'd on standing grounds, 543 U.S. 125 (2004) (federal court's declaratory judgment that a state

judicial practice was unconstitutional constituted a declaratory decree within the meaning of Section 1983 because its effect was to prohibit state court judges from engaging in the unconstitutional practice).  Here, the family court order simply delineated the rights of private parties.  The order in no way directed other judicial officers to refrain from readjudicating visitation matters.  Accordingly, it is clear that Puiia is not entitled to injunctive relief.[1]

### C. Conspiracy Claim

To the extent Puiia's conspiracy claim survives the aforementioned determinations, he has failed to sufficiently plead the claim.[2]  Although "pro se complaints are to be read

---

[1] In his complaint, Puiia makes a passing request for "declaratory judgment" under Section 1983 without specifying what he is asking the court to declare.  He does not reference this request in his objection to defendants' motions to dismiss.  In any event, it is clear that Puiia is not seeking declaratory relief in the true legal sense.  The gist of his complaint is that defendants acted improperly at a prior hearing and unjustifiably suspended his visitation rights.  "Declaratory relief[, however,] is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for past actions." Chavez v. Schwartz, 457 Fed. Appx. 752, 754 (10th Cir. 2012); see Johnson v. McCuskey, 72 Fed. Appx. 475, 477-78 (7th Cir. 2003) (same).

[2] Because Puiia withdrew the conspiracy claim only in response to Salvo-Wallack's motion to dismiss, see Doc. No. 23-1 at 10, I assume he continues to assert the claim against the other defendants.

generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements." Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980) (internal citation omitted); see Iqbal, 556 U.S. at 678 (conclusory nature of allegations not entitled to presumption of truth). Puiia alleges in a conclusory fashion that defendants engaged in "concerted actions" to deprive him of his due process rights. He alleges no facts that could plausibly suggest that a conspiracy existed. Accordingly, the claim is not actionable under either Section 1983 or Section 1985.

D.  **State Law Claims**

Puiia's remaining claims (intentional and negligent infliction of emotional distress) arise under state law. I decline to exercise supplemental jurisdiction over these claims as I have dismissed all claims over which I have original jurisdiction. See 28 U.S.C. § 1367(c)(3); Camelio v. Am. Fed'n, 137 F.3d 666, 672 (1st Cir. 1998). Accordingly, I dismiss Puiia's state law claims without prejudice.

### IV.  CONCLUSION

For the aforementioned reasons, I grant defendants' motions to dismiss Puiia's federal claims (Doc. Nos. 14 & 16) and

decline to exercise supplemental jurisdiction over his remaining state law claims.

    SO ORDERED.

                                      <u>/s/Paul Barbadoro</u>
                                      Paul Barbadoro
                                      United States District Judge

August 8, 2012

cc:   Joseph Puiia, Jr., pro se
      Nancy J. Smith, Esq.
      Barbara Salvo-Wallack, pro se